KENNEDY, ex'r, etc., appellant v. TOWN OF PALMER.

*Conflict of law — validity of bequest governed by law of the domicile of legatee — suspension of power of alienation.*

A testator, residing in New York, bequeathed $1,000 to a town in Massachusetts, directing the same to be invested and the interest only to be used for the benefit of the poor of such town. *Held* (following *Chamberlain* v. *Chamberlain,* 43 N. Y. 424), that the validity of such bequest is to be determined by the laws of Massachusetts and not those of this State.

The bequest vested the title to the amount bequeathed in the town upon the death of the testator, and a direction as to the mode of its management would not render it invalid under the statute relating to perpetuities. *Wetmore* v. *Parker,* 52 N. Y. 450.

APPEAL from a decree and judgment of the court at special term sustaining as valid a bequest made by Calvin Thompson, deceased, late of Eaton, Madison county, to a town in Massachusetts.

The clause of testator's will containing the bequest is as follows: "I give and bequeath to the town of Palmer, Hampshire county and State of Massachusetts, the sum of one thousand dollars for the benefit of the poor of said town, said sum of one thousand dollars to be kept invested and the interest thereof only to be paid over and used for the benefit of the poor of said town. Said sum to be

Kennedy v. Town of Palmer.

invested by the proper officers of said town of Palmer and to be paid over to them by my executors."

At the trial it was admitted that the town was duly incorporated under the laws of Massachusetts, and it was proved that under said laws such town was authorized to take bequests of personal property in trust for the benefit of its poor, and to invest such bequests and to use and pay over the interest only for the benefit of such poor.*

---

*NOTE.—The following is the opinion delivered in this case by Mr. Justice DOOLITTLE at special term:

DOOLITTLE, J. The testator, when he executed his will and at the time of his death, was domiciled in the State of New York. His capacity to execute the will at the time it was made, and the fact that it was executed in the manner and form prescribed by the laws of this State are not disputed. It has all the requisites to transmit the title to the property bequeathed, and by the terms of the will the property passes to the legatee claiming the bequest.

The will has been duly admitted to probate in the State of New York as a will of real and personal estate. The legatee is a corporation created by the laws of the State of Massachusetts, where it is located, and the bequest creates a trust for charitable uses to be executed in that State, and is for one of those charities embraced in the 43 Elizabeth, ch. 4, which is part of the common law of Massachusetts. *Going* v. *Emery*, 16 Pick. 107; *Nourse* v. *Merriam*, 8 Cush. 437; *Gardner* v. *Dexter*, 7 Allen, 246; 2 Story's Eq. Juris., §§ 1159, 1160, 1154.

The first question raised is, has the town of Palmer the capacity to take the bequest of personal property? The town of Palmer is a corporation authorized to take and hold personal property for the public use of its inhabitants, and to raise, grant and vote such sums as it may judge necessary for the relief, support, maintenance and employment of the poor of the town. Mass. Gen. Stat., ch. 18, §§ 1, 9, 10.

One of the duties of the town is to provide for the support and maintenance of its poor, and it is authorized to raise by taxation the money necessary to discharge that duty, and is therefore authorized to take a bequest for the promotion of that object. Mass. Gen. Stats., ch. 70, §§ 1, 12.

The courts of that State have adjudicated that the towns of the State have capacity to take and hold real and personal estate, in their corporate capacity, in trust for the promotion and advancement of any of the purposes for which those corporations are created. *Webb* v. *Neal*, 5 Allen, 575: *First Parish, etc.*, v. *Cole*, 3 Pick. 232; *Nourse* v. *Merriam*, 8 Cush. 11-19.

In *Webb* v. *Neal*, in 1863, it was held that a city in its corporate capacity may act as a trustee of a fund left by will in trust, with a provision that the income thereof shall be expended in the purchase of fuel to be given or sold at low prices, as may be deemed best by the trustees, to such worthy and industrious persons as are not supported in whole or in part at the public expense, but who may need some aid in addition to their labor to enable them to sustain themselves and their families during the inclement season of the year. This decision was founded on the statutes applicable to towns. Mass. Gen. Stats, ch. 18, § 9, and ch. 70, §§ 1, 12.

In the case of *Coggeshall* v. *Pelton*, 7 Johns. Ch. R. 292, it was held that a bequest to one of the towns of this State, though not a corporation, in trust for charitable purposes, was valid. At common law a corporation could always take by bequest such personal estate as it could lawfully acquire by any other mode of purchase. *Williams* v. *Williams*, 8 N. Y. 530; *McCartee* v. *Orphan Asylum Society*, 9 Cow. 437; *Matter of Howe*, 1 Paige, 214; Ang. & Ames on Corp., 111, § 6 (2d ed).

And corporations may take and hold personal estate in trust for objects not foreign to the purposes of their institution, and the court of chancery will enforce the trust. 2 Kent's Com. 279, 280, 281; *McCartee* v. *Orphan Asylum Society, supra*; Ang. & Ames on Corp., 103 (2d ed).

*Alfred C. Coxe,* for appellant. The validity of the legacy must be tested and determined by the laws of New York. *Knox* v. *Jones,* 47 N. Y. 389; *White* v. *Howard,* 46 id. 144; *Bascom* v. *Albertson,*

That a corporation created by a sister State can take a bequest given by a testator domiciled in this State, which it is authorized to take by the law of its domicile, was expressly held in *Chamberlain* v. *Chamberlain,* 43 N. Y. 424.

The objection that the bequest suspends the absolute ownership of the property given for a longer period than during the existence of two lives in being at the death of the testator, and is therefore invalid, is founded upon the statute of this State. 2 R. S. 773, § 1. The validity of the bequest, so far as that question is concerned, is to be determined by the laws of the State of Massachusetts. The laws of that State do not make a bequest invalid for the reason stated in this objection. It has no such statute as the one referred to. Any rules established by the common law are operative there.

The right of a citizen of Massachusetts to take and hold property in that State must of necessity be tested by the laws of that State. The statutes of this State are of no binding force beyond its territorial limits.

If the bequest suspends the absolute ownership given for more than two lives in being, the legatee's right to take and hold it depends upon the law of his domicile. He cannot take and hold it unless that law authorizes him to do so, and if it does there is nothing to prevent his taking and holding it. In case the money is given to the legatee in trust, I see no objection to the trust being performed and its performance enforced in the State where the legatee is domiciled, which authorizes such bequests and trust.

In the case of *Chamberlain* v. *Chamberlain, supra,* a testator domiciled in this State gave a bequest of certain moneys to the Centenary Fund Society, a corporation created by and located in the State of Pennsylvania, to be invested and kept permanently invested by the corporation and to pay over the interest and income thereof to Allegany College, to be applied by said college in such manner as it should direct.

It was objected that the bequest was invalid by reason of the statute of this State against perpetuities. It was conceded that if tested by the laws of New York the bequest was invalid. The court of appeals held that so far as this question was concerned, the validity of the bequest must be determined by the laws of the State of Pennsylvania (see pages 432 and 433), and that while the courts of this State will not administer a foreign charity, they will direct money devoted to it to be paid over to the proper parties, leaving it to the courts of the State, within which the charity is to be established, to provide for its administration, citing Hill on Trustees, 463; 2 Story's Eq. Juris., §§ 1184 to 1187; *Burbank* v. *Whitney,* 24 Pick. 154; *Attorney-General* v. *Lepine,* 2 Swanst. 181; *Provost of Edinburgh* v. *Aubery,* Ambler, 236.

This case decides that, although the bequest was void by the law of the testator's domicile, for the reason that it suspended the absolute ownership of the property given for a longer period than during the continuance of two lives in being at the death of the testator, it was none the less valid if the legatee was authorized to take and hold the property bequeathed in the manner prescribed by the will, by the law of the legatee's domicile.

The general statement in many of the cases that the validity of the bequest of personal property is to be tested by the law of the testator's domicile, refers to the particulars stated in *Chamberlain* v. *Chamberlain,* and to bequests to legatees domiciled in the same State with the testator.

A bequest to a corporation of money to invest in perpetuity, and apply the interest or income thereof to such charitable purposes as it is created to promote and advance, or such as it is its duty to sustain, support or advance, is valid under the law of this State, and is not affected by the statute against perpetuities. *Wetmore* v. *Parker,* 52 N. Y. 450.

The objection that there is no definite and ascertained *cestui que trust* or beneficiary is not tenable. The trust is for the benefit of the poor of the town of Palmer. Such a trust would be upheld under the 43 Elizabeth, chapter 4, which, as we have seen,

34 id. 586; *Levy* v. *Levy,* 33 id. 137; *Petersen* v. *Chemical Bank,* 32 id. 44; *Dodge* v. *Pond,* 23 id. 69, 76; *Holmes* v. *Remsen,* 4 Johns. Ch. 460; *Wood* v. *Wood,* 5 Paige, 596; *Schultz* v. *Dambman,* 3 Bradf. 379; *Desesbats* v. *Berquiers,* 1 Binn. 336; *Dixon* v. *Ramsey,* 3 Cranch. 319; *Harrison* v. *Nixon,* 9 Pet. 483; 2 Kent's Com. 429, note *a*; 1 Jarman on Wills, 4–12 (4th ed.); 1 Redf. on Wills, 398, § 9 (2d ed.); Story Confl. of Laws, §§ 479, 466, 468; 2 Story Eq. Juris. §§ 1068–1074; Hill on Trustees, 454; *Curtiss* v. *Hutton,* 14 Ves. 541; *Whitford* v. *P. R. R. Co.* 23 N. Y. 471; *Bank of Augusta* v. *Earle,* 13 Pet. 519; *Runyan* v. *Coster,* 14 Pet. 122. The rule that the law of the testator's domicile governs the disposition of personal property is the law at the present time. The opinion of Judge ALLEN in *Chamberlain* v. *Chamberlain,* 43 N. Y. 424, is the only exception, and that is not supported by his associates in the Court of Appeals upon the point in question. *Bascom* v. *Albertson,* 34 N. Y. 584; *Knox* v. *Jones,* 47 N. Y. 396; *White* v. *Howard,* 46 id. 159. The bequest is in contravention of the statute forbidding perpetuities. 3 R. S. 75, §§ 1, 4 (5th ed.); *Yates* v. *Yates,* 9 Barb. 324; *King* v. *Rundle,* 15 id. 140; *Levy* v. *Levy,* 33 N. Y. 124; *Chamberlain* v. *Chamberlain,* 3 Lans. 379; *Gott* v. *Cook,* 7 Paige, 523; *Schettler* v. *Smith,* 41 N. Y. 335; *Banks* v. *Phelan,*

---

forms a part of the common law of Massachusetts. It has been expressly adjudicated in that State that it is not necessary to the validity of charitable bequests there should be any definite or ascertained *cestui que trust* designated.

A trust like the one in question in this particular is valid. *Bartlett* v. *King,* 12 Mass. 537 to 544; *Going* v. *Emery,* 16 Pick. 107; *Webb* v. *Neal,* 5 Allen, 575; *Williams* v. *Williams,* 8 N. Y. 540.

There is no doubt but the courts of Massachusetts will enforce a trust for charitable uses when the beneficiaries are no more certainly and definitely defined than in the bequest in question.

"According to the law of England, as understood at the time of the American revolution, and as it exists at this day, conveyances, devises and bequests for the support of charity or religion, though defective for the want of such a grantee or donee as the rules of law require in other cases, would (when not within the purview of the Mortmain acts) be supported and established in the court of chancery." *Mogridge* v. *Thackwell,* 7 Ves. 36; *Matter of Christ's College,* 1 Wm. Blacks. 90; *Going* v. *Emery,* 16 Pick. 107; *Executors of Burr* v. *Smith,* 7 Vt. 241; *McCartee* v. *Orphan Asylum,* 9 Cow. 437; *Dutch Church, etc.,* v. *Mott,* 7 Paige, 77; *Baptist Association* v. *Hart's Exrs.,* 4 Wheat. 1; *Vidial* v. *Girard's Executors,* 2 How. U. S. 127.

The law does not prohibit a citizen of this State from giving any money to a citizen of another State, to be used and managed there upon any trust authorized by that State. He can give it when living without any violation of law, and he can give it through the instrumentality of a will at his death, but the will must be a valid instrument for the transmission of property by the law of his domicile at his decease. The law does not prohibit such a gift, but it prescribes the requisites to consummate the gift.

For these reasons I think the bequest is valid, and that the money should be paid over to the town of Palmer as the testator has directed in his will.

4 Barb. 80; *Hawley* v. *James,* 16 Wend. 62; *Fontain* v. *Ravenel,* 17 How. U. S. 389.

*C. M. Dennison,* for respondent.  The validity of the bequest is to be determined by the laws of Massachusetts.  *Chamberlain* v. *Chamberlain,* 43 N. Y. 424; *Oliphant* v. *Hendrie,* 1 Brown Ch. 571; *Mackintosh* v. *Townsend,* 16 Ves. 330; *Attorney-General* v. *Lepine,* 19 id. 309; *Emery* v. *Hill,* 1 Russ. 112; *Minet* v. *Vulliamy,* id. 113 note; *Fordyce* v. *Bridges,* 2 Phillips, 515.  The bequest is good under the laws of Massachusetts.  *Webb* v. *Neal,* 5 Allen, 575; *Dexter* v. *Gardner,* 7 id. 243; *Phillips Academy* v. *King,* 12 Mass. 546; *Going* v. *Emery,* 16 Pick. 107; *Burbank* v. *Whitney,* 24 id. 154; *Nourse* v. *Merriam,* 8 Cush. 11; *Earle* v. *Wood,* 8 Cush. 430.  The bequest being to a charitable use is good under the laws of this State.  *Williams* v. *Williams,* 8 N. Y. 525; *Tucker* v. *Rector St. Clement Church,* id. 558, note *a*; *Andrews* v. *Theological Seminary,* id. 559, note 1.

MULLIN, P. J.  The court of appeals in *Chamberlain* v. *Chamberlain,* 43 N. Y. 424, decided that the validity of a bequest by a resident of this State is to be determined by the law of the domicile of the legatee, and not by the law of the domicile of the testator.

By the will in that case the residue of the testator's estate, after paying debts and certain legacies, was required to be divided into two equal parts, one of which was required to be paid to the Centenary Fund Society of the Erie Annual Conference of the Methodist Episcopal Church, to be kept by said corporation invested and kept permanently invested, and the interest and income thereof used and expended by said corporation for the benefit of Allegany College at Meadville, Penn., in such manner and for such specific purposes as said corporation shall direct.  The other part was required to be paid to the trustees of the Chamberlain Institute, to be by said trustees permanently invested in bonds and mortgages — the principal to be kept permanently invested, etc., etc.

The Centenary Fund Society was incorporated under the laws of Pennsylvania, and was authorized to take and hold lands, money, etc., given and bequeathed to them, to be employed and disposed of according to the objects or the tastes and condition of the organization, etc.

The objects and purposes of the corporation were for the better

securing of funds to be raised to the charitable purposes of the relief, etc., of certain preachers and others, and for the support of liberal education under the direction of said conference.

The bequest to this society was claimed to be invalid, because it created a perpetuity — that is, it suspended the absolute power of alienation for a longer term than two lives in being at the death of the testator, and by the laws of this State each bequest was void.

It was held, 1st, that the validity of the bequest must be determined by the laws of Pennsylvania, and not by the laws of this State.

2d. That the society had the power to take the bequest; and,

3d. As it did not appear that the laws of Pennsylvania prohibited perpetuities, that if the bequest was void by the laws of this State, it would be nevertheless valid if not prohibited by the laws of Pennsylvania. It is shown quite conclusively by the opinion of the learned judge who tried the cause, that the town of Palmer has the capacity to take the bequest by the laws of Massachusetts, and it therefore follows, under the case of *Chamberlain* v. *Chamberlain,* the bequest to said town is valid.

The court of appeals, in *Wetmore* v. *Parker,* have decided that a bequest to the Orphan Asylum of Utica of $25,000 was valid, notwithstanding it required said sum to be perpetually invested by the trustees, and its proceeds used for the benefit of the asylum. The corporation had authority to take for its purposes, by gift, devise, etc., hold real estate to an amount not exceeding $150,000. The validity of the bequest was denied on the ground that it suspended the absolute power of alienation longer than was permitted by law. But the court held that the gift took effect instantly on the death of the testatrix, and the title vested absolutely in the corporation and the direction as to the mode of management of the principal after that did not impair the validity of the bequest. *Wetmore v. Parker,* 52 N. Y. 450.

The judgment must be affirmed.

SMITH, J., concurs.

*Judgment affirmed.*